NELSON, Senior Circuit Judge,
dissenting:
In my view, the district court correctly found that the officers are not entitled to qualified immunity as a matter of law. I respectfully dissent.
As the majority notes, we must accept the facts as alleged by Appellee. But, accepting the facts as alleged, it is clear to me that the officers are not entitled to qualified immunity.
The district court found a genuine dispute as to whether a reasonable person in Quintanar’s situation would have felt free to terminate the encounter with the officers. The district court also found that at the time of the incident it was clearly established law that a Fourth Amendment seizure occurs when police officers place an individual in a situation in which a reasonable person would not feel free to terminate the encounter.
The majority concludes that no clearly established law put the officers on notice that their conduct violated Quintanar’s constitutional rights.
But it is clearly established that a police officer violates the Fourth Amendment if he detains a person “ ‘even momentarily’ ” without at least reasonable suspicion for doing so. United States v. Washington, 490 F.3d 765, 774 (9th Cir.2007) (quoting Florida v. Royer, 460 U.S. 491, 498, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)).
The majority correctly notes that it is well established that a police officer may approach an individual in public and ask him if he is willing to answer questions. However, the law is also well established that an officer may not detain that individual without at least reasonable suspicion that criminal activity is afoot.
Accepting the facts as alleged, I believe Officer Gleason detained Quintanar without a reasonable suspicion for doing so. This was a violation of Quintanar’s clearly established constitutional right. I would affirm the district court.